■ FLORENCE DOREMUS, Appellant, v. INCORPORATED VILLAGE OF LYNBROOK, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County, entered October 1, 1965, which dismissed the complaint as against defendant the Incorporated Village of Lynbrook on the ground that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Order affirmed, without costs. Plaintiff brought this action on the ground of negligence of the Village of Lynbrook in failing to have a traffic stop sign in proper repair, as a result of which an automobile collision occurred. The village's motion to dismiss the complaint was granted for the specific reason that written notice was not given to it pursuant to section 341-a of the Village Law. That section provides in part, "No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice of the defective, unsafe, dangerous or obstructed condition * * * was actually given to the village clerk". No challenge is made to the power of the Legislature to require such written notice (*MacMullen* v. *City of Middletown*, 187 N. Y. 37, 45–47). The issue raised is whether an unrepaired stop sign is within the ambit of the statute. The terms "defective" and "dangerous" as used in statutes imposing liability on public authorities for maintenance of highways and streets relate to conditions which render the road not reasonably safe for its intended purpose, which is public travel thereon (*Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40, 44; *Schmitt* v. *City of Syracuse*, 229 N. Y. 161, cf. *Cleveland* v. *Town of Lancaster*, 239 App. Div. 263, 266, affd. 264 N. Y. 568; 40 C. J. S., Highways, § 254, subd. b). There can be little doubt that a failure to maintain a proper warning sign renders a highway defective, unsafe and dangerous (*Canepa* v. *State of New York*, 306 N. Y. 272; *Robinson* v. *State of New York*, 38 Misc 2d 229, affd. 19 A D 2d 946; 40 C. J. S., Highways, § 262). We hold, therefore, that the complaint was properly dismissed. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Christ and Rabin, JJ., dissent and vote to reverse the order and deny the motion, with the following memorandum by Christ, J., in which Rabin, J., concurs: I do not believe that a village may defend itself against negligence in failing to keep a stop sign in good working order and in failing to repair it, upon the ground that written notice of the defect in the sign pursuant to section 341-a of the Village Law was not given. Except for that section, there is no question that this defense would not be available. The section requires prior written notice of the existing defective condition where an action is brought to recover damages for injuries "sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed". This is a harsh and extraordinary burden on one who is injured by the neglect of a village and the scope of its application should not easily be extended; it would

be "artificial, forced" and "unnatural" to include a stop sign within the statutory meaning of "street, highway", etc. (see *Ebert* v. *Incorporated Vil. of Garden City*, 21 Misc 2d 607, 608). If the statutory protective mantle is to be granted to villages in cases involving defective or unrepaired stop signs, the Legislature must say so in clear and specific language. In *Hebbard* v. *Ives* (8 A D 2d 648) the Third Department affirmed an order denying a motion to dismiss a complaint against a village. There, section 53-a of the Railroad Law required a village to erect and maintain certain railroad crossing signs; and the village's contention that it was entitled to prior written notice under section 341-a of the Village Law was dismissed. The distinction that the village there had conceded the fact that no signs were erected does not affect the relevancy of *Hebbard*. The failure to give prior written notice of the defective *sign* condition, according to the majority, must deny this plaintiff her chance of recovery, even though the village may have had full and actual notice of the defective condition and even though it may have been in fact negligent. I would reverse and deny the motion to dismiss the complaint.