■ FRANCIS J. DEACON, Respondent-Appellant, v. CITY OF BUFFALO et al., Appellants, and RAYMOND A. CHAPMAN et al., Respondents.— Judgment and order reversed on the law, the facts, and in the interests of justice, and new trial granted, without costs. Memorandum: Section 362 of the Buffalo City Charter prohibits the bringing of an action against the city for personal injuries sustained "in consequence of the existence or accumulation of snow or ice upon any street" unless prior written notice is given to the city of the alleged condition and there has been a failure or neglect within a reasonable time to correct the condition. The second cause of action in the complaint was based on the alleged negligence of the city "by reason of an accumulation of ice, windblown snow, and impacted snow" on a stated highway. The pleading further alleged compliance "with all of the conditions precedent to the bringing of the action" and compliance with all provisions of the City Charter. Upon the trial no proof was submitted of service of the notice required by section 362. The court, however, submitted this cause of action to the jury. Concededly, counsel for the city in moving to dismiss at the close of plaintiff's case and at the completion of the proof did not base his motions on the failure to comply with the statutory provision. The trial court, however, reserved decision on all motions. At the close of the charge counsel for the city ineptly requested a charge, which was granted upon the consent of plaintiff's counsel, that the pertinent section mandated service of the written notice of the alleged condition and that there had been no compliance therewith. It is obvious that this was not a factual issue for the jury. The trial court having been alerted to the defect in the proof should have (by proper additional instructions) withdrawn from the jury a consideration of the second cause of action. The verdict of the jury made it plain that all of this was no harmless error. As a supplement to its verdict of $80,000 for plaintiff it was reported that the city was 75% negligent and the individual operator of the city's vehicle was 25% negligent. This can only be construed as a finding that the nonmaintainable cause of action

for maintenance by the city of the icy street was three-quarters responsible for plaintiff's injuries and resulting damage. It follows that here it is unnecessary to implement the general rule that where a general verdict is rendered in a liability case submitted to a jury on multiple theories of liability, if one of them is legally untenable, the verdict may not stand (*Thomas* v. *Central Greyhound Lines,* 6 A D 2d 649, 653) because there is clear proof that the major portion of the award was based upon the cause of action that was legally untenable. Even after this state of facts became apparent to the trial court there was a failure to remedy the erroneous submission of the second cause of action. Some two weeks after the verdict had been returned the trial court routinely denied all motions to dismiss the complaint made during the trial. There should then have been a ruling dismissing the second cause, setting aside the verdict and granting a new trial. This debacle was contributed to by counsel for both city and the plaintiff. We conclude that it would be a gross injustice to saddle the city with a substantial monetary judgment which is patently based in large part upon a cause of action that plaintiff must have known was not maintainable because of its failure to serve the required notice.— All concur except Henry and Marsh, JJ., who dissent and vote to affirm, in the following Memorandum: In our opinion the interests of justice do not require a reversal of the judgment because it is fully supported by the jury's unquestioned finding that defendant Baxter was guilty of negligence which caused plaintiff's damages. The city is liable for Baxter's negligent acts under the provisions of section 50-a of the General Municipal Law. Baxter's liability being established, the city's liability follows by operation of law. (*Poniatowski* v. *City of New York,* 14 N Y 2d 77). (Appeal from judgment and order of Erie Trial Term in a negligence action; cross appeal from certain parts of same judgment dismissing complaint as to some defendants.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.