■ ELIZABETH S. DAVERN, Respondent, v. STATE OF NEW YORK, Appellant. NORBERT F. ABEND, as Executor and Trustee of JUSTUS F. O'HARA, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48366.) — Judgment unanimously affirmed, with costs. Memorandum: Trial court found a land value of $45,000 (which is not questioned on this appeal) and a value of $41,000 for the improvements thereon. The amount allowed for improvements is justified by evidence of appraisals based on the economic approach to value but trial court failed to make findings of the rental value of the building and of the factors upon which the building value could be properly based. There being sufficient evidence in the record from which appropriate findings may be made, however, we have re-evaluated the proof and make additional findings as follows: Annual gross income: first floor 1,387 square feet at $4.50 = $6,241.50; second floor 1,472 square feet at $2.50 = $3,680; third floor 1,472 square feet at $.75 = $1,104; for a total of $11,025; less expenses and allowance for vacancies of $3,569.50 = $7,456; less return to land $45,000 at 6% ($2,700) = $4,756; $4,756 capitalized at 11.6% = $41,000. (Appeal from judgment of Court of Claims in claim for permanent appropriation.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MOSES I. HOWIE, Appellant.— Order unanimously reversed and matter remitted to Chautauqua County Court for a hearing in accordance with the following Memorandum: A hearing should be held to determine whether or not the defendant's inculpatory statement was voluntary since the Trial Judge raised that issue in submitting the case to the jury. (People v. Huntley, 15 N Y 2d 72.) (Appeal from order of Chautauqua County Court denying, without a hearing, motion to vacate judgment of conviction for assault, first degree, rendered October 24, 1960.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ HENRY J. MUSZYNSKI, Individually and as Guardian ad Litem of MARY H. MUSZYNSKI, an Infant, Appellant, v. CITY OF BUFFALO, Respondent.— Judgment and order unanimously reversed on the law and facts, with costs, verdict reinstated and judgment directed in favor of appellant. Memorandum: There was evidence that the city placed a barrel of rock salt on the sidewalk, refilled it from time to time and that rock salt which spilled from the barrel caused the sidewalk to deteriorate, creating a dangerous condition. Prior written notice of a defective condition is not required where the defendant city causes or creates the condition. (Filsno v. City of Rochester, 10 A D 2d 663; Appelbaum v. City of Long Beach, 8 A D 2d 818.) (Appeal from judgment of Erie Trial Term dismissing complaint in negligence action, and from order denying reinstatement of verdict.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ. [49 Misc 2d 957.]