Albert A. Oppido, J.
This court disagrees with the movant’s interpretation of the effect of section 12-4.1 of the Nassau County Administrative Code (L. 1943, ch. 565, § 1) upon the provisions of subdivision 18 of section 140 of the Highway Law. *893 The case of Strauch v. Town of Oyster Bay (263 App. Div. 833), upon which defendant relies, did not involve a State highway but, rather, a county road and the section of the. Administrative Code, which was held to prevail over the Highway Law provision was subdivision a of section 12-4.C (L. 1939, ch. 272, § 1), which explicitly gave the county “ sole jurisdiction over county roads ”. The provisions of section 12-4.1 do not give the county such sole jurisdiction over sidewalks adjoining State highways in unincorporated areas and, furthermore,, the language of the section is permissive rather than mandatory. It has not been shown that the County of Nassau has exercised jurisdiction over the sidewalks involved in the instant action and, therefore, it would appear that defendant has the obligation to maintain it. Whether or not the defendant hasj in fact, maintained the sidewalk is a question of fact to be determined upon the trial.
Motion by defendant for summary judgment, pursuant to CPLR 3212, is denied.