GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and MARGETT, JJ., concur.

---

JOHNSTOWN LEATHER CORP., Respondent, v CITY OF GLOVERSVILLE, Appellant.

Third Department, March 24, 1977

*Angelo D. Lomanto, City Attorney (David F. Jung* of counsel), for appellant.

*Rudolph A. Russo (Terrence M. Walsh* of counsel), for respondent.

GREENBLOTT, J. Plaintiff instituted this action against the City of Gloversville and the owners of certain property to recover for damage sustained by its truck when it allegedly struck a tree which was partially obstructing a highway, East

Fulton Street, in said city. The tree grew in a terrace running parallel with the street, and allegedly adjacent or on the individual defendants' property. The claim of negligence was based upon the allegation that the defendants had been negligent in failing to correct a dangerous condition created by a limb overhanging the roadway. The accident occurred when plaintiff's employee, while driving the truck, allegedly moved to the right to avoid a vehicle traveling close to the center line in the opposite direction, and though remaining in its own traffic lane, struck the limb and sustained property damage. Prior to the accident no actual notice of a defective condition had ever been given to the city.

A motion to dismiss the complaint as against the individual defendants was granted. We are satisfied that insufficient proof was offered to show that the tree was on the individual defendants' property, and, therefore, conclude that the dismissal of the complaint against them was proper. Defendant city also moved to dismiss plaintiff's complaint, since prior written notice of the defect was not proved. The denial of this motion is challenged on this appeal by the city from a judgment in plaintiff's favor in the amount of $1,578.53.

The city's contention is based upon section 249 of the Gloversville City Charter (L 1899, ch 275, as amd by Local Laws 1947, No. 2 of City of Gloversville, § 2, and as further amended by Local Laws, 1949, No. 3 of City of Gloversville), which provides in pertinent part as follows: "No civil action shall be brought or maintained against the city of Gloversville for damage or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, or other outdoor public place being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the city engineer of the city of Gloversville, and there had been a failure or neglect on the part of said city to cause such condition to be corrected * * * or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice." The trial court appears to have regarded this statute as inapplicable, since it denied defendant city's motion without stating its reasons.

Plaintiff argues that the statute is inapplicable to the case at bar, relying on *Doremus v Incorporated Vil. of Lynbrook* (18 NY2d 362, revg 25 AD2d 749) for the proposition that

statutes such as the one in the case at bar require prior written notice to municipalities only in cases of actual physical defects in the surface of streets or highways.

We do not agree that *Doremus* is applicable. There, two automobiles collided allegedly because a stop sign was out of repair. While the Court of Appeals explained that then section 341-a of the Village Law, which is in all pertinent respects identical to the statute at bar, should be narrowly construed without judicial extension, the essential holding in that case was that an improperly maintained warning sign was not a highway defect within the meaning of the statute.

The statute before us requires written notice if, *inter alia,* a street or highway is "obstructed". In the well-understood meaning of that term, a street or highway is obstructed if there is any hindrance or obstacle to passage. Clearly, the essence of the present claim is that East Fulton Street was partially obstructed by the limb. We see nothing in the statute which makes the written notice requirement dependent upon a showing that an obstruction is actually rooted in or set upon the surface. Any suggestion to the contrary in *Doremus,* which, as noted, is clearly distinguishable as involving an improperly maintained traffic control device rather than an actual obstruction, is, in our view, dicta which cannot be binding on the facts of this case.

We are bound by the Court of Appeals' interdiction against broadening a statute by judicial legislation. At the same time, however, we are equally powerless to narrow the obvious intent of a statute by a strained interpretation. Since it is not disputed that there was no written notice of the alleged obstruction of East Fulton Street, the plaintiff failed to make out a cause of action.

The judgment should be reversed, on the law, and the complaint dismissed, without costs.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Judgment reversed, on the law, and complaint dismissed, without costs.