OPINION OF THE COURT
Arthur D. Spatt, J.
The issue presented is whether a fallen metal signpost lying across a sidewalk which the defendant Town of North Hempstead has the duty to maintain, is a “defect in its sidewalk” so as to require prior “written notice” within the provisions of subdivision 2 of section 65-a of the Town Law.
RELIEF REQUESTED
This is a motion by defendant Town of North Hempstead (Town) for an order granting leave to reargue a prior motion by said defendant for summary judgment and, upon such reargument, for an order granting summary judgment dismissing the complaint.
BACKGROUND AND CONTENTIONS
In a prior order dated January 21, 1982, this court denied the Town’s motion for summary judgment on the following ground: “In this case, the defendant Town has the duty, pursuant to Highway Law §140 (18) to maintain the sidewalk adjacent to Jericho Turnpike, a state highway. This Court cannot determine, as a matter of law, on these papers, whether the Town exercised reasonable care in the maintenance of the sidewalk in question as a result of a fallen sign post. This question is a material issue of fact to be resolved at trial.”
*126 The basis for this motion for reargument is that on the original motion for summary judgment, the Town “omitted to direct the Court’s attention to * * * Town Law §65-a subd. 2” which requires prior written notice of a defect in the sidewalk. In addition, the Town states that the case relied upon by the court, namely, Kedenberg v Town of North Hempstead (75 Misc 2d 892), was terminated in a dismissal at the end of the entire case on trial, by memorandum decision dated October 26, 1976 (Young, J.), which dismissal was affirmed by the Appellate Division, Second Department, by order dated March 12, 1979.
Also, in the reply affirmation by its counsel dated March 25, 1982, the Town contends that the sidewalk area involved in this accident is within the right of way of Jericho Turnpike owned and maintained by and for the special benefit of the State of New York.
DETERMINATION
A motion for reargument addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law. The purpose is not to permit the unsuccessful party to reargue the very questions previously decided. (Fosdick v Town of Hempstead, 126 NY 651; Foley v Roche, 68 AD2d 558; Barry v Good Samaritan Hosp., 86 AD2d 853.) Nor is reargument an appropriate vehicle for raising new contentions. (Simpson v Loehmann, 21 NY2d 990.)
Plaintiffs have failed to set forth any valid ground for reargument under the principles of “reargument” above set forth.
Further, the grounds raised by the defendant Town are in fact “new” contentions not properly the subject of a motion for reargument.
However, in the absence of objection by the plaintiffs, and in the interest of avoiding another motion by the Town for summary judgment, the court will grant leave to the Town to reargue and consider the Town’s motion for summary judgment on the merits.
Subdivision 2 of section 65-a of the Town Law provides, in pertinent part, as follows: “2. No civil action shall be *127 maintained against any town or town superintendent of highways for damages or injuries to person * * * sustained by reason of any defect in its sidewalks * * * unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute, nor shall any action be maintained for damages or injuries to person * * * sustained by reason of such defect * * * unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied * * * or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice.” (Emphasis supplied.)
This court has already determined that the Town had the duty to maintain the sidewalk in question and the plaintiffs concede that no prior written notice was given to anyone. Therefore, the sole remaining issue is whether the downed signpost lying on the sidewalk area was a “defect in its sidewalk” within the purview of subdivision 2 of section 65-a of the Town Law.
It is well established that a municipality such as the Town of North Hempstead has the power to insulate itself from liability for negligence and, in the absence of compliance with applicable statutory provisions, no civil action for damages may be maintained. (MacMullen v City of Middletown, 187 NY 37; Ellis v City of Geneva, 259 App Div 502, affd 288 NY 478; Fullerton v City of Schenectady, 285 App Div 545, affd 309 NY 701.)
One exception to this strict law is that if the defect or condition is created by the municipality, prior written notice is not required. (Muszynski v City of Buffalo, 33 AD2d 648, affd 29 NY2d 810; Siddon v Fishman Co., 65 AD2d 832, and cases cited therein.) In this case, there is no evidence that the defendant Town caused or created the condition of the fallen signpost.
In the leading decision in Doremus v Incorporated Vil. of Lynbrook (18 NY2d 362, 366), involving the failure to repair a stop sign, the Court of Appeals, interpreting former section 341-a of the Village Law, requiring prior written notice of a defective “street, highway, bridge, cul *128 vert, sidewalk of crosswalk”, concluded that such a statute “seems to refer to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk”. In a statement significant to this case, the court held as follows (p 366): “Our conclusion is that section 341-a read strictly, as it should be read, refers to physical conditions in the streets or sidewalks and was an effort to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof.”
Doremus (supra) has been cited for the proposition that “requirements of prior written notice of unsafe conditions are in derogation of the common law, and as such should not have any extension written into them”. (Zumbo v Town of Farmington, 60 AD2d 350, 354.)
The court notes that the pertinent provisions of the Town Law do not include the word “obstructed” as was the case in Johnstown Leather Corp. v City of Gloversville (56 AD2d 345). It may be inferred that the Legislature intentionally omitted any reference to an “obstruction” and imposed the statutory mandate as to prior written notice to a town solely with regard to a “defect in its sidewalk”.*
It has been held, in a former section 341-a of the Village Law case, which statute includes the words “defective” and “obstructed”, that a metal sewer grating in the street was not a part of the surface of the street or sidewalk. (See Di Lorenzo v Village of Endicott, 70 Misc 2d 159; see, also, Carr v Town of North Hempstead, 108 Misc 2d 654.)
The Doremus case has been cited in two Appellate Division, Second Department, cases. In Fusco v Rothstein (27 AD2d 932) plaintiff pedestrian fell on a broken and defective sidewalk. Held, that the Doremus doctrine was distinguishable in that it did not involve a defect of the surface of the street or sidewalk.
Goldstein v City of Long Beach (28 AD2d 558) involved a defect in a boardwalk held to be a physical defect in the surface of an area within the provisions of the “prior *129 written notice” statute. In so ruling, the court commented as follows (p 558): “We are aware that statutes such as section 256-a are to be read strictly and that the courts 'should not be at pains to write anything into’ them (Doremus v. Incorporated Vil. of Lynbrook, 18 N Y 2d 362, 365). Unlike Doremus, however, this case involves an actual, physical defect in the surface of a public way and it is far more than likely that the city was much concerned about lawsuits based on its failure to keep these ramps and the boardwalk in repair.”
In this court’s view, the fallen metal signpost was not a “defect in the sidewalk” within the provisions of subdivision 2 of section 65-a of the Town Law. The downed signpost was not a physical defect in the surface of the sidewalk. Nor should the statute be so extended to include such a condition. Therefore, there is no requirement of prior written notice within the terms of subdivision 2 of section 65-a of the Town Law.
Further, the dismissal of the complaint in Kedenberg v Town of North Hempstead (supra) is not dispositive of this case. In Kedenberg, the condition involved was “a raised sidewalk flag” which was a “defect in the sidewalk” requiring prior written notice.
The court has reviewed the other grounds for relief advanced by the defendant Town and has found them to be without merit.
Accordingly, the motion by defendant Town for leave to reargue its prior motion for summary judgment is granted and upon such reargument, the Town’s motion for summary judgment is denied.

 According to Webster’s Third New International Dictionary (1976), the definition of a defect is “an irregularity in a surface or structure that caused weakness or failure”; to obstruct is “to block up; to place an obstacle ... to passing traffic”.