OPINION OF THE COURT
Sidney Leviss, J.
In this action to recover for injuries allegedly sustained by plaintiff when he slipped on a patch of ice defendant City of New York moves pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint or in the alternative pursuant to CPLR 3212 for summary judgment.
The movant contends that compliance with subdivision d of section 394a-1.0 of the Administrative Code of the City of New York (commonly referred to as The Pothole Law) is a prerequisite for maintaining this action and that since there was no such compliance by plaintiff the action should be dismissed.
The statute provides, in part, as follows: “2. No civil action shall be maintained against the city for damage to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or *24 obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or where there was previous injury to person or property as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition, and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe.”
Evidence of the intention of the framers of the legislation is found in the preamble to the enactment which specifically states that its purpose is to require advance written notice of defects in streets and sidewalks as a condition precedent to commencement of an action against the city for personal injury or property damage resulting from such defects (Local Laws, 1979, No. 82 of City of New York). There is no specific mention of actions to recover for personal injury or property damage caused by ice or snow on the streets.
The intentions of the framers is further revealed by a comparison of the statute in issue with section 65-a of the Town Law and section 6-628 of the Village Law. Both the Village Law and the Town Law, which were enacted prior to the Administrative Code provision, specifically include references to maintenance of actions involving snow and ice; while the Pothole Law, framed in almost identical language, omits any such reference.
Moreover, in construing the statute the rule of ejusdem generis requires the court to limit general language of a statute by specific phrases which have preceded the general language (McKinney’s Cons Laws of NY, Book 1, Statutes, § 239, subd b). Under the rule where words of specific or inevitable purport are followed by words of general import, the application of the last phrase is generally confined to the subject matter disclosed in the phrases with which it is connected. Thus, with respect to the *25 statute in issue the words “unsafe”, “dangerous” and “obstructed” refer and are confined only to those streets that are “out of repair”.
Therefore, based upon the above analysis of statutory construction and legislative intent, the court finds that the Pothole Law was intended to apply solely to physical defects of streets and sidewalks and any damages or conditions arising out of such physical defects.
Accordingly, the motion to dismiss the complaint is denied.