# FOURTH DEPARTMENT, DECEMBER, 1982

## (December 17, 1982)

■ HELEN SHAW et al., Respondents, v CITY OF AUBURN, Appellant. — Judgment unanimously reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: Plaintiffs have recovered a verdict for damages sustained as a result of an accident occurring when plaintiff Helen Shaw tripped on a depressed manhole located in an Auburn city street and fractured a bone in her foot. There was no evidence that the defect was caused by the municipality and thus, compliance with the prior written notice provision of section 157 of the Auburn Municipal Code was an essential element of plaintiffs' causes of action. Since they failed to either plead or prove compliance with the code's notice provisions, defendant's motion to dismiss the complaint should have been granted (see *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365; *MacMullen v City of Middletown*, 187 NY 37; *Fullerton v City of Schenectady*, 285 App Div 545, affd 309 NY 701, app dsmd 350 US 980; *Deacon v City of Buffalo*, 29 AD2d 620; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3015, subd [a], p 58). (Appeal from judgment of Cayuga County Court, Contiguglia, J. — negligence.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Boomer, JJ.

■ CITY OF NIAGARA FALLS, Plaintiff v PAUL M. RUDOLPH et al., Defendants. PAUL M. RUDOLPH, Defendant and Third-Party Plaintiff-Respondent, v LEV ZETLIN ASSOCIATES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. — Order unanimously affirmed, with costs. Memorandum: Lev Zetlin Associates, Inc. (Lev Zetlin), third-party defendant, appeals from Special Term's denial of its cross motion, based on a contractual arbitration agreement between Lev Zetlin and the third-party plaintiff, Paul M. Rudolph, architect, for a stay of the third-party action. Rudolph, defendant in the main action by the City of Niagara Falls for damages due to alleged defects in the city's library building with respect to which Rudolph performed architectural services, commenced a third-party action in June, 1981, against Lev Zetlin, structural engineering consultant to Rudolph on the project. In its answer, Lev Zetlin set forth a cross claim against the other third-party defendant and did not assert its right to arbitration. Subsequently, Lev Zetlin participated in pretrial conferences, examinations before trial, and, to some extent, discovery of expert reports and other documents. It was not until January, 1982, after plaintiff in the main action sought a ruling on the status of the claimed arbitration rights of the third-party defendants, that Lev Zetlin cross-moved for a stay based on its arbitration agreement with Rudolph. We conclude that Lev Zetlin's acts prior to its motion for a stay constitute a "sufficiently affirmative use of the judicial process so as to be inconsistent with a later motion to stay" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 406) and that therefore Lev Zetlin has waived its right to arbitration. (Appeal from order of Supreme Court, Niagara County, Ostrowski, J. — stay arbitration.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Boomer, JJ.