■ JOYCE SPANO, Appellant, v INCORPORATED VILLAGE OF FREEPORT, Respondent, et al., Defendants. — In an action to recover damages for personal injuries allegedly sustained by plaintiff when she tripped on a sidewalk under the control of defendant Village of Freeport, plaintiff appeals from a judgment

of the Supreme Court, Nassau County (Morrison, J.), entered May 4, 1982, which granted the village summary judgment dismissing the complaint as to it. Judgment reversed, with $50 costs and disbursements, and matter remitted to the Supreme Court, Nassau County, for determination of the defendant village's motion as one for summary judgment in accordance with CPLR 3211 (subd [c]). Plaintiff, if she be so advised, may submit additional affidavits on the motion within 10 days after service upon her of a copy of the order to be made hereon, with notice of entry. The motion shall not be determined until after the time period has expired. After joinder of issue, the defendant village moved to dismiss the complaint, pursuant to CPLR 3211 (subd [a], par 7), on the ground that plaintiff failed to plead prior written notice of the alleged defective sidewalk in accordance with section 6-628 of the Village Law, and thus failed to state a cause of action. In opposition to the motion, plaintiff demonstrated that her complaint alleged a theory of liability as against the village based on misfeasance (affirmative negligence), not nonfeasance, and thus she was not required to plead or prove prior written notice (*Martin v City of Cohoes,* 37 NY2d 162; *Muszynski v City of Buffalo,* 33 AD2d 648, affd 29 NY2d 810). In reply, however, the village denied any misfeasance, alleging that it had performed no work on the sidewalk at the scene of the accident within two years prior thereto. In support of its allegations, the village submitted portions of its examination before trial as well as that of plaintiff and an affidavit of the village clerk to that effect. On that basis, Special Term treated the motion as one for summary judgment and granted the motion. Under the circumstances of this case, Special Term's action was improper. CPLR 3211 (subd [c]) permits the court to treat a motion pursuant to CPLR 3211 (subd [a]) as one for summary judgment but only "after adequate notice to the parties". Although there is some reference to summary judgment in the papers of both sides, the record herein does not disclose such notice as would be necessary to formally treat the motion as one for summary judgment. Notice was especially necessary in this case as the village submitted portions of the examinations before trial and an affidavit on the merits only in its reply, and plaintiff never had the opportunity to submit any proof to the contrary. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.