CHARLES FREEMAN et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and VILLAGE OF CEDARHURST, Respondent.

Second Department, September 12, 1983

APPEARANCES OF COUNSEL

*Clarence W. Williamson, Jr.,* for appellants.

*Nissen & Huenke (James G. Kelly* of counsel), for Village of Cedarhurst, respondent.

OPINION OF THE COURT

TITONE, J.

In an action seeking damages for personal injuries and loss of consortium, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, as, upon the defendant Village of Cedarhurst's motion for summary judgment, dismissed their complaint against said defendant.

The issue is whether a bent sign stanchion constitutes an obstruction within the meaning of a notice of defect ordinance. We conclude that it does and affirm.

On November 9, 1978, plaintiff Charles Freeman sustained injuries as a result of falling over a sign stanchion located on Peninsula Boulevard in the Village of Cedarhurst. The complaint alleges that various defendants were negligent in the maintenance of the stanchion and sign in

that they were bent over a public sidewalk and the lighting was inadequate.

The Village of Cedarhurst has adopted an ordinance, essentially identical to CPLR 9804 and section 6-628 of the Village Law, which provides, in pertinent part, that "[n]o civil action shall be brought or maintained against the village for damages or injuries to person or property sustained in consequence of any * * * sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the board of trustees of the village" (Village of Cedarhurst Code of Ordinances, § 2-5, subd [a]).

The village's answer alleged noncompliance with this condition precedent and following depositions it sought summary judgment. Plaintiff's argument that the sign did not constitute an obstruction within the ambit of the ordinance was rejected by Special Term, which reasoned that the ordinance "specifically encompasses obstructed sidewalks regardless of what the obstruction is". We agree.

Ordinances and statutes such as the ordinance now before us represent a solution "to the vexing problem of municipal street and sidewalk liability" (*Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633; see, also, *Martin v City of Cohoes,* 37 NY2d 162, 165). Before any duty will arise with respect to a street defect or dangerous condition, prior written notice of such defect or condition is required. Unless the municipality concerned caused or created the condition (*Jagoda v City of Dunkirk,* 43 AD2d 795, 796; *Muszynski v City of Buffalo,* 33 AD2d 648, affd 29 NY2d 810), failure to plead and prove such notice defeats the cause of action (*Shaw v City of Auburn,* 59 NY2d 780, affg 91 AD2d 817). "The practical consequence of this requirement is to prevent any possibility of liability for nonfeasance, except where the village fails or refuses to remedy the condition within a reasonable time after receipt of notice" (*Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633-634, *supra*).

While such enactments, being in derogation of the common law, should be strictly construed (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), we cannot give them a strained interpretation to defeat their obvious intent

(*Johnstown Leather Corp. v City of Gloversville,* 56 AD2d 345, 347).

In this case, the only question is whether the sign stanchion constitutes an obstruction, as other provisions of the Village of Cedarhurst Code of Ordinances are not claimed to be applicable. As a matter of plain meaning, "a street or highway is obstructed if there is any hindrance or obstacle to passage" (*Johnstown Leather Corp. v City of Gloversville, supra,* p 347; see, also, *DeLeo v Orlando,* 29 Conn S 107, 109; 67 CJS, Obstruction, p 180). In the *Johnstown Leather Corp.* case, the Appellate Division, Third Department, held that a tree limb which partially blocked a street constituted an obstruction within the meaning of a notice of defect statute. The court rejected the contention that the written notice requirement was dependent upon a showing that an obstruction was actually rooted in or set upon the surface. We find this reasoning to be persuasive and fully applicable to the case before us.

*Doremus v Incorporated Vil. of Lynbrook* (*supra*), on which plaintiffs rely, is easily distinguished. The essential holding of that case is that an improperly maintained traffic control device does not constitute a defect within the meaning of a local law concerning a notice of defects. The court did not focus on the portion of the local law concerning obstructions.

Nor is *Flynn v Town of North Hempstead* (114 Misc 2d 125) on point, assuming that the case was correctly decided. *Flynn* did involve a defective sign stanchion but that case rested upon an interpretation of subdivision 2 of section 65-a of the Town Law, which does not contain a notice requirement for obstructions. Indeed, by distinguishing the *Johnstown Leather Corp.* case on that basis, the court in *Flynn* apparently assumed that the sign stanchion would be considered to be an obstruction.

There being no allegation that the Village of Cedarhurst affirmatively caused the sign to become bent, the complaint was properly dismissed (*Shaw v City of Auburn,* 59 NY2d 780, *supra*).

For the reasons indicated, the judgment should be affirmed insofar as appealed from, without costs.

DAMIANI, J. P., LAZER and BOYERS, JJ., concur.

Judgment affirmed insofar as appealed from, without costs or disbursements.