■ RANDY RABINOWITZ, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered October 29, 1984, which awarded the plaintiff the principal sum of $112,500, upon a jury verdict.

Judgment reversed, on the law, with costs, and complaint dismissed.

The plaintiff claims that he injured his neck on a sharp metal telephone cord. He testified at the trial that, while using a public telephone, he noticed a portion of the metal cable was unraveled. While holding the telephone to his right ear, and while the telephone cord was slack, he heard a noise which caused him to turn to the left. He testified that, as he turned to his left, "the cord went around my neck and ripped my neck wide open. That is exactly how it happened". At the trial, the plaintiff was shown a steel cable approximately 18 inches long, with a two-inch segment "stretched out", and testified that this cable accurately represented the condition of the telephone cord which caused his injury. The jury returned a verdict against the defendant, upon a negligence theory, and apportioned 25% of the fault for the accident against the defendant, and 75% against the plaintiff based on the plaintiff's comparative negligence. Damages were assessed, after a

separate trial of that issue, in the amount of $450,000. Judgment was entered in favor of the plaintiff based on that sum, as reduced by the plaintiff's 75% share of the fault. This appeal followed. We reverse.

The plaintiff is legally precluded from recovering damages under a negligence theory based on the alleged existence of a dangerous condition, since the record is completely devoid of any credible proof that the defendant had any notice, actual or constructive, of the existence of such condition prior to the occurrence (see, Gordon v American Museum of Natural History, 67 NY2d 836; Galler v Prudential Ins. Co., 63 NY2d 637; Madrid v City of New York, 42 NY2d 1039). In light of this determination, we need not address the defendant's remaining contentions. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.