OPINION OF THE COURT
John A. Milano, J.
This proceeding raises a substantial and significant issue of apparent first impression in this jurisdiction, namely, whether an accumulation of broken glass, stones, loose concrete, dirt, gravel and other debris, situated on a public sidewalk island, constitutes a particular condition which falls within the ambit of the Prior Written Notice Law of the City of New York, requiring dismissal of the complaint pursuant to CPLR 3211 (a) (7) for failure to comply with certain conditions precedent to the maintenance of this lawsuit. This court holds that said condition does fall within the said ambit of the Prior Written Notice Law and accordingly dismisses, with prejudice, the complaint of the plaintiffs against the City of New York.
This is a cause of action for personal injuries allegedly sustained on August 20, 1984. Plaintiff, Philip Rebaudo, was making a phone call from a public coin telephone located on a public sidewalk island at Metropolitan and Flushing Avenues, in Ridgewood, City of New York. The telephone was an open pedestal coin telephone and was installed into the public sidewalk. The said plaintiff allegedly slipped on broken glass, stones and other debris on the ground beneath the telephone. As he fell, he caused the receiver to rip away from the telephone unit, and the exposed wires cut his neck and jaw.
*713 A notice of claim was timely filed on September 17, 1984. Thereafter, suit was commenced with the service of the plaintiffs’ summons and complaint on April 17, 1985. Issue was joined with the service of the City of New York’s answer with cross claims against the codefendant, New York Telephone Company, on May 7, 1985.
The New York City Prior Written Notice Law (Administrative Code of City of New York, tit 7, ch 2, § 7-201 [c] [2]) became effective as of June 4, 1980. (Section was formerly known as § 394a-1.0 [d] [2].) The law states, in pertinent part, that: "No civil action shall be maintained against the city for damage to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation * * * and there was a failure or neglect within [15] days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe.” (Emphasis added.)
CONTENTION OF PLAINTIFFS IN REGARD TO THEIR SUIT AGAINST THE CITY OF NEW YORK
It is the plaintiffs’ position that the Prior Written Notice Law does not apply to the facts of this case, and, therefore, the city’s motion to dismiss should be denied in all respects; that it was not the intent of the City Council for the law to apply to a transient condition as the one which caused the plaintiff, Philip Rebaudo, to fall in the instant case; that the Prior Written Notice Law was intended to apply solely to physical defects of streets and sidewalks and damages or conditions arising out of such physical defects. By way of analogy, plaintiffs cite Miles v Jennings & Hatwell Oil Co. (115 Misc 2d 23 [1982]) wherein the court held that prior written notice need not be given in a snow and ice case since that condition would not come under the definition of a physical defect. Plaintiffs argue that so too in this case before the court, the condition such as broken glass, stones and other debris is not a physical defect under the statute and accordingly no prior notice would be required.
*714 ANALYSIS
If broken glass, stones and other debris on a public sidewalk constitutes an unsafe condition which requires prior written notice, pursuant to the explicit language of the statute, then compliance with the above provisions of the code is a condition precedent to the maintenance of a cause of action against the City of New York. (Barry v Niagara Frontier Tr. Sys., 35 NY2d 629 [1974]; Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362 [1966].) As such, it must be both pleaded and proved by the plaintiff. (Barry v Niagara Frontier Tr. Sys., supra.)
One Irvin Loewstein, employed by the Department of Transportation of the City of New York, as Director of the Prior Notification Unit, affirms pursuant to CPLR 2309 that at his instruction, a search of the listing of complaints contained in the prior notification unit was initiated with respect to a defective sidewalk, unsafe, dangerous and obstructed condition around the pedestal phone on the island located at the intersection of Flushing Avenue and Metropolitan Avenue in the City of New York, and a review of the search revealed no records of complaints for this area at any time prior to August 20, 1984, the date of the alleged accident in this action.
Plaintiffs allege that the accident occurred at a public telephone facility located on an island at the intersection of Flushing Avenue and Metropolitan Avenue in the City of New York. It should be noted that section 7-201 (c) (1) (a) of the Administrative Code of the City of New York provides that "[t]he term 'street’ shall include the curbstone, an avenue * * * public way, public square, public place”. Based on the language of the said statute, it cannot be argued that the telephone facility was not located on a public square or in a public place. And in construing the meaning of words to a prior written notice statute, courts, while strictly construing such enactments, should not give them a strained interpretation to defeat their obvious intent. (Freeman v County of Nassau, 95 AD2d 363 [2d Dept 1983]; Johnstown Leather Corp. v City of Gloversville, 56 AD2d 345 [3d Dept 1977].) Broken glass, stones and other debris on the sidewalk encompassing the telephone facility is indeed a dangerous and unsafe condition and as such, it is a sidewalk condition which requires prior written notice, pursuant to the explicit language of the statute. And explicit words such as "broken glass, stones and debris” are not necessary to bring them within the statute. (See, Zimmerman v City of Niagara Falls, 112 AD2d 17 [4th *715 Dept 1985]; Donnelly v Village of Perry, 88 AD2d 764 [4th Dept 1982].)
Where the statute specifically encompasses streets being out of repair, unsafe or dangerous as conditions which require prior written notice, such streets are covered by the statute regardless of what it is causing the street to be unsafe or dangerous (Freeman v County of Nassau, supra).
THE CASE OF STRATTON v CITY OF BEACON
The Appellate Division, Second Department, in a case that is on point with the instant action, held that broken glass and debris are dangerous conditions which require prior written notice, pursuant to section 114-A of the Charter of the City of Beacon (Stratton v City of Beacon, 91 AD2d 1018 [2d Dept 1983]). In this case, the defendant City of Beacon had appealed from an order of the Supreme Court, Dutchess County, which denied its motion for summary judgment. The complaint alleged that the infant plaintiff sustained personal injuries when she fell on broken glass and other debris in a parking lot owned or maintained by defendant City of Beacon.
Section 114-A of the Charter of the City of Beacon provided in part: " 'No civil action shall be maintained against the city for damages or injuries to persons or property sustained * * * in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain or sewer being * * * unsafe, dangerous or obstructed unless, previous to the occurrence resulting in such damages or injuries, written notice of the existence of * * * unsafe, dangerous or obstructed condition of the particular place shall have been filed in the office of the commissioner of accounts of the city.’ ” (Stratton v City of Beacon, supra, at 1019.)
The Appellate Division held that section 114-A included within its scope a municipal parking lot and that since it was one over which the public had a " 'general right of passage’ ” it thus was within the meaning of the term "highway”. (Stratton v City of Beacon, supra, at 1019.) And since section 114-A required written notice of a dangerous condition located on a "highway” to be filed with the Commissioner of Accounts prior to the accident as a condition precedent to the commencement of a civil action against the municipality, and, accordingly, the order of the Supreme Court of Dutchess County was reversed and summary judgment granted and complaint dismissed as to the City of Beacon.
*716 It is important to note that the wording of section 114-A of the Charter of the City of Beacon is, for all intents and purposes, identical to section 7-201 (c) (2) of the Administrative Code of the City of New York. Minor grammatical differences are of no import.
CONCLUSION
It is well settled that as a condition precedent to plaintiffs’ cause of action, plaintiffs must plead and prove written notice of a defective, unsafe or dangerous condition and a failure to do so requires dismissal (Cipriano v City of New York, 96 AD2d 817 [2d Dept 1983]; Schwartz v Turken, 115 Misc 2d 829 [1982]; Drzewiecki v City of Buffalo, 51 AD2d 870 [4th Dept 1976]; Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, supra).
The instant pleadings are devoid of any reference to compliance with section 7-201 (c) (2) of the Administrative Code. Moreover, plaintiff will be unable to prove prior written actual notice, as evidenced by the affirmation of the Director of the Prior Notification Unit.
Accordingly, since the plaintiffs have failed to plead compliance and will be unable to prove compliance with the applicable sections of the Administrative Code, this court grants an order pursuant to CPLR 3211 (a) (7) dismissing the action against the City of New York with prejudice.
AS TO DEFENDANT NEW YORK TELEPHONE COMPANY
The essential element of notice is also a fatal flaw in the plaintiff’s action against the defendant New York Telephone Company. In order to prevail in this motion for summary judgment the plaintiff must come forward with admissible evidence to show that the defendant had knowledge, either actual or constructive, of a hazardous condition at its facility and was afforded a reasonable opportunity to repair the problem.
Viewing the facts in a light most favorable to the plaintiff it appears the plaintiff tripped and fell on debris located on the public sidewalk. As stated, the plaintiff was using a public telephone when he slipped and fell and was injured when the telephone metal cord was extended and cut into his face and neck. This telephone was situated on a pedestal with the actual telephone device approximately five feet off the ground *717 surrounded by a metal covering to shield the patron and afford a degree of privacy. This telephone facility is commonly found on the streets of New York City and has come to replace the telephone booth which preceded this more modern design.
The plaintiff’s theory of the case is that a dangerous condition existed on this situs and that the defendant Telephone Company was under a duty to maintain its facility in a reasonably safe condition. In his complaint attached to the moving papers plaintiff' states: "the defendant, New York Telephone Company, had a duty to maintain the aforesaid premises and facilities and to keep it free from any and all defects which might cause injury to anyone lawfully traversing upon it; to inspect it periodically; to make certain repairs when the said premises and facilities was in such condition as to render anyone lawfully traversing upon it unsafe and dangerous; to properly supervise the activities of the public which was invited to use the premises and facilities.”
This theory of negligence precludes the plaintiff from recovering damages unless credible proof is submitted that the defendant had notice, actual or constructive, of the existence of the dangerous condition prior to the incident in question (Rabinowitz v New York Tel. Co., 119 AD2d 741 [2d Dept 1986]). There is no dispute that the defendant did not have actual notice of this occurrence. Constructive notice may be inferred if a defect is visible and in existence for a sufficient length of time prior to the accident so that the defendant should have known of the condition (Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). The dangerous condition which the plaintiff is complaining of existed on the public sidewalk, not on the telephone facility. A cause of action may exist against the Telephone Company based on a products liability theory, however, foreseeability would be an obvious and perhaps insurmountable hurdle. The plaintiff’s injuries resulted from grasping the phone cord to prevent his fall. The resulting stretching of the cord beyond its intended length created a sharp instrument which caused the plaintiff severe lacerations. This court is bound to dismiss the plaintiff’s action against the Telephone Company based on the pleadings as submitted. A dangerous or actionable condition did not exist at the time and place of this accident (Stillman v Frankel, 44 AD2d 821 [1974], affd 36 NY2d 899).