■ LA FRANCE CARPETS, INC., Plaintiff, v. UNITED STATES RUBBER COMPANY, Appellant, and CELANESE CORPORATION OF AMERICA, Respondent. UNITED STATES RUBBER COMPANY, Third-Party Plaintiff, v. GERLI & Co., INC., Third-Party Defendant.— Order, entered on May 2, 1963, denying motion of defendant-appellant to dismiss for insufficiency the first and second cross claims of defendant-respondent, unanimously reversed, on the law, with $20 costs and disbursements to defendant-appellant, and the motion granted, without prejudice to the service of an amended answer alleging a cross claim grounded in negligence if the defendant-respondent be so advised. The first cross claim seeks indemnity and is grounded on implied warranty. The very terms of the writing relied on by defendant-respondent specifically exclude any express or implied warranty. (Personal Property Law, § 94.) The second cross claim is in common-law indemnity for the alleged negligence of the defendant-appellant in the making of the carpeting purchased by the plaintiff in the event it recovers from the defendant-respondent. Plaintiff's sole cause of action against defendant-respondent is on the express warranty of said defendant to plaintiff that carpeting material consisting of Celaire fibre made by respondent when combined with rubber backing applied by appellant would be merchantable. Plaintiff's cause of action against respondent does not allege negligence on the part of either the appellant or the respondent; hence there is no basis for indemnity as pleaded. Subdivision (b) of section 3019 of the Civil Practice Law and Rules allows a cross claim for any cause of action and does not require it to be dependent on the claim of the plaintiff. However, the said cross claim fails to allege any facts establishing the violation of any legal duty owing from the appellant to the respondent. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.