Chief Judge Desmond.
Section 341-a of the Village Law in effect since 1927 reads as follows: “No-civil action shall be maintained against the village for damages -or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of .such notice to repair or remove the defect, danger or obstruction *365 complained of, or to cause the snow or ice to be removed, or the place otherwise made reasonably safe.”
The complaint in this personal injury negligence action which (with two dissents in the Appellate Division) has been dismissed as to defendant-respondent Village of Lynbrook alleges that the plaintiff, a passenger in an automobile, was injured when that automobile collided with another. The complaint named both automobile owners as codefendants with the village. The charge against the village is in this one sentence: ‘ ‘ That the negligence of the defendant, The Incorporated Village of Lynbrook, consisted of failing to keep in good working order and failing to repair a stop sign on the southeast corner of Walnut Street and Earle Avenue in the aforesaid Incorporated Village of Lynbrook.” Special Term and the Appellate Division held that this allegation failed to state a cause of action against the village since there was no statement in the complaint that the prior written notice required by section 341-a was given. (Compliance with the § 341-a requirement, when applicable, must be alleged in the complaint — see MacMullen v. City of Middletown, 187 N. Y. 37.)
The majority memorandum at the Appellate Division held that section 341-a covered the situation of a defective warning sign because, so the majority wrote: “There can be little doubt that a failure to maintain a proper warning sign renders a highway defective, unsafe and dangerous ”. The majority cited Canepa v. State of New York (306 N. Y. 272) but that decision did not deal with section 341-a. It was merely a holding that under certain circumstances a failure to give timely warning by signs may render liable in negligence the State, city or village charged with the duty of keeping the highway in a safe condition. '
The dissenting Justices at the Appellate Division, with whom we agree, said that section 341-a should not be stretched to cover a defective sign, pointing out that the statute puts a “harsh and extraordinary burden” on an injured person and that its scope should not be extended. Although the statute does not require that the notice shall have been given by the particular injured person but only that written notice will have been given by someone, still it is in derogation of the common law and we should not be at pains to write anything into it. Its language *366 seems to refer to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk and the reference to snow and ice seems to confirm this. We are further confirmed in this idea when we recall that in 1927 when the statute was adopted these stop signs were scarce, and it is not likely that villages were much concerned about lawsuits based on failure to keep these signs in good repair.
The rigors of this enactment are such that about 50 village governments in this State have modified or superseded its application to their villages (see McKinney’s Cons. Laws of N. Y., Book 63 [part 2], Village Law, list at p. 304).
Our conclusion is that section 341-a read strictly, as it should be read, refers to physical conditions in the streets or sidewalks and was an effort to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof.
The order should be reversed, with costs in all courts, and the motion to dismiss the complaint denied.
Judges Fuld, Van VooRhis, Burke, Scileppi, Bergan and Keating concur.
Order reversed, with costs in all courts, and matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.