■ ANITA FISHMAN, Respondent, v COUNTY OF NASSAU, Appellant. — In a personal injury action, defendant County of Nassau appeals from two orders of the Supreme Court, Nassau County (Pantano, J.), the first, dated May 19, 1980, which denied its motion for summary judgment dismissing the complaint and the second, dated June 16, 1980, which denied it leave to reargue the prior motion. Appeal from the order dated June 16, 1980, dismissed, without costs or disbursements. No appeal lies from an order denying a motion for reargument. (See *Morris v Morris,* 33 AD2d 786.) Order dated May 19, 1980, reversed, on the law, without costs or disbursements, motion for summary judgment granted, and the complaint is dismissed on the merits. Plaintiff's affidavit in opposition to the county's motion for summary judgment failed to do more than repeat or incorporate by reference the allegations contained in the pleadings. Those allegations merely constituted conclusory assertions. Consequently, plaintiff did not sustain her burden of demonstrating, by means of evidentiary facts, that a trial was required with respect to the allegations in the complaint. (See *Barr v County of Albany,* 50 NY2d 247, 257; see, also, *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255; *Indig v Finkelstein,* 23 NY2d 728.) Accordingly, the complaint must be dismissed on the merits pursuant to CPLR 3212 (subd [b]). Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ MARY A. GALLO, Respondent, v HIRSCH-FORTUNE, INC., Appellant. — In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kartell, J.), dated August 20, 1980, which denied its motion to dismiss the action for failure to serve a complaint. Order reversed, on the law, without costs or disbursements, and motion granted. Plaintiff served her complaint some 28 months after her attorney had returned to work following an illness. Her failure to offer any excuse for this inordinate delay made it an abuse of discretion for Special Term to have denied the defendant's motion to dismiss the action. (See *Barasch v Micucci,* 49 NY2d 594; *Kahn v Columbo,* 74 AD2d 622.) Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.