■ ALEXANDER DE FRANCISCI et al., Appellants, v STEPHEN M. BARON et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 4, 1982, which denied their motion, *inter alia,* to set aside the dismissal of their complaint as against defendants Town of Smithtown and County of Suffolk, and (2) a judgment of the same court, entered September 8, 1982, which is in favor of defendants (a) upon the trial court's dismissal of the complaint as against defendants Town of Smithtown and County of Suffolk at the close of plaintiffs' evidence and (b) upon a jury verdict in favor of defendant Stephen M. Baron. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting (1) so much of the first decretal paragraph as dismissed the complaint as against the defendant Town of Smithtown on the merits, and (2) the third decretal paragraph. As so modified, judgment affirmed, without costs or disbursements, and as between plaintiffs and defendant Town of Smithtown, action severed and new trial granted. This action arose from an accident which occurred on May 22, 1978. An automobile driven by plaintiff Alexander De Francisci collided with an automobile driven by defendant Stephen M. Baron at the so-called "T-intersection" of Parkway Drive South and Bambi Lane in the Town of Smithtown, County of Suffolk. De Francisci was traveling westbound on Parkway Drive South, while Baron was turning left from Bambi Lane onto Parkway Drive South. De Francisci testified that he never saw the stop sign which controlled traffic on Parkway Drive South at the T-intersection. Plaintiffs' complaint alleged negligence on the part of the defendant Baron. The complaint also alleged that the defendants Town of Smithtown and County of Suffolk were negligent, *inter alia,* in failing to properly maintain the stop sign in that foliage was allowed to grow over it and it had become bent, and in improperly installing the stop sign on Parkway Drive South. At the close of plaintiffs' case, the trial court granted the motions of the defendants Town of Smithtown and County of Suffolk to dismiss the complaint as against them. The defendant town's motion was granted because the trial court found that there was insufficient evidence of constructive notice and no evidence of prior written notice to the town of the defective condition of the stop sign as required by subdivision 1 of section 65-a of the Town Law. The defendant county's motion was granted, based, apparently, upon the lack of evidence of notice to the county and the fact that the roads in question were town roads which the county had no duty to maintain. The trial court also granted defendants' motion to strike the testimony of plaintiffs' expert witness, Francis J. Cashin, because it was speculative and not based upon sound judgment. Cashin's testimony, in substance, was that the stop sign was improperly placed on Parkway Drive South, which had a heavier traffic volume than Bambi Lane and which collected all the traffic coming from Bambi Lane. The trial court submitted plaintiff's case as against the defendant Baron to the jury. The jury determined that Baron had not been negligent. We find that so much of the judgment as is in favor of the defendants Baron and the County of Suffolk should be affirmed. Plaintiffs do not contend that the jury verdict in favor of Baron was against the weight of the evidence. Moreover, the introduction into

evidence of photographs purporting to be the tires on the De Francisci car, by defendant Baron's attorney as defendants' exhibits A and B, was not error. As to the defendant county, its general supervisory powers with respect to repair and maintenance of town highways did not impose a duty upon it with respect to the stop sign in question (see *Rotey v Van Ooyen,* 73 AD2d 804). However, the dismissal of the complaint as against the defendant Town of Smithtown was erroneous. In *Doremus v Incorporated Vil. of Lynbrook* (18 NY2d 362), the Court of Appeals held that former section 341-a of the Village Law (now Village Law, § 6-628), which requires prior written notice of defective, out of repair, unsafe, dangerous, or obstructed highways, does not apply to a defective stop sign or highway warning sign. The court stated that the notice statute refers "to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk" and that the purpose of the statute was "to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof" (*Doremus v Incorporated Vil. of Lynbrook, supra,* p 366). Similarly, in the case at bar, the comparable notice statute, subdivision 1 of section 65-a of the Town Law, does not apply to a defective warning sign. *Doremus v Incorporated Vil. of Lynbrook (supra)*, unequivocally holds that a defective stop sign is not a highway defect which requires prior notice (see, also, *Johnstown Leather Corp. v City of Gloversville,* 56 AD2d 345, 346-347; cf. *Tully v Town of North Hempstead,* 93 AD2d 834). This is the case even though prior written or constructive notice of a defect is sufficient under subdivision 1 of section 65-a of the Town Law, which is not as harsh as the requirement of prior written notice under section 6-628 of the Village Law. If the intent of the statute was to require prior notice of defective highway signs, it should have expressly so stated (see *Rich v Town of Queensbury,* 88 AD2d 1027, in which the local law in question expressly required prior written notice of defective highway signs). Accordingly, plaintiffs are entitled to a new trial as against the defendant Town of Smithtown. Upon retrial, we note that evidence that the installation of the stop sign "was [completed] without adequate study or lacked reasonable basis" may be submitted to the jury (*Weiss v Fote,* 7 NY2d 579, 589; see *Gutelle v City of New York,* 55 NY2d 794, 796). However, the testimony of plaintiffs' expert witness Cashin, who in essence testified that the installation of the stop sign on Parkway Drive South was improper, was properly stricken by the Trial Judge, and should not be submitted to the jury at the new trial. Not only was the testimony speculative and not based upon sound judgment, as found by the trial court, but it was also insufficient to establish that the installation of the stop sign was improper. The applicable regulations regarding rights of way are contained in the regulations of the New York State Department of Transportation (17 NYCRR 207.2, as amd eff May 18, 1978). The regulations state that the heavier volume of traffic and the higher speed traffic *should* normally be given the right of way (17 NYCRR 207.2 [c] [1], [2]), and that a stop sign *should* not be used for speed control (17 NYCRR 207.2 [d]). However, the word "should" denotes an advisory condition, which is recommended but not mandatory (17 NYCRR 200.4 [a] [2]). Since the Department of Transportation regulations do not prohibit a town, in its judgment, from installing a stop sign at an intersection on the road with the heavier volume of traffic or the higher speed traffic, or from using a stop sign to control speed, no liability can be imposed on the defendant town arising from the breach of those regulations, absent some proof that due care was not exercised by the town in determining the need for the stop sign in question or that no reasonable official could have approved the installation of the stop sign (see *Weiss v Fote, supra,* pp 586, 589). Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.