■ KENNETH J. REINERT, Appellant, v TOWN OF JOHNSBURG et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Mercure, J.), entered January 21, 1983 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 6, 1983 in Warren County, which denied plaintiff's motion for leave to reargue and for leave to serve an amended complaint. Plaintiff was injured in a one-car accident which occurred on May 7, 1977 on 13th Lake Road located in the Town of Johnsburg, Warren County. Plaintiff was a passenger in a car driven by George Odbert. In his complaint, plaintiff alleges that the roadway was jointly owned, maintained and controlled by defendants Town of Johnsburg and County of Warren. Plaintiff contends that his accident and injuries were attributable to the negligent and careless design of the road and/or defendants' failure, after due notice, to correct the design of the road at the location where the accident occurred and to take other steps to warn drivers of the curvature of the roadway. Defendant town interposes the affirmative defense of failure to allege service of a written notice of defect pursuant to section 65-a of the Town Law on the town. Defendant county, as an affirmative defense, also alleged that plaintiff had failed to plead service of written notice of defect on the county pursuant to Local Law No. 6 of 1976 of the County of Warren. Both defendants cross-claimed against one another. The county denied that 13th Lake Road is a county road or highway. Defendants moved for a dismissal of the complaint and summary judgment in their favor. Special Term granted summary judgment to defendants and denied plaintiff's motion to reargue and/or permission to amend its complaint. There must be an affirmance. Plaintiff failed to plead compliance with the respective town and county notice of defect statutes. Such notice constitutes a necessary condition precedent to

entitlement to sue these governmental entities (see *Holt v County of Tioga,* 56 NY2d 414; *Rich v Town of Queensbury,* 88 AD2d 1027). Further, it has been established that 13th Lake Road is owned by the Town of Johnsburg and not the County of Warren so that the county is not an appropriate party in any event to this action. Plaintiff has failed to allege facts sufficient to constitute constructive notice to the town of any defect in compliance with requirements of section 65-a of the Town Law. General conclusory statements will not suffice to raise a question of fact on a motion for summary judgment. Neither in the original complaint, nor in plaintiff's supporting affidavit made by his counsel in opposition to defendants' motion to dismiss and for summary judgment, are any facts set out based on the affiant's personal knowledge which would support a finding that the town had constructive notice of any defect in the road. The affidavit of plaintiff's counsel, offered in support of plaintiff's motion to reargue and/or for permission to serve an amended complaint, is insufficient to raise a question of fact or otherwise lend legal support to its claim. Where there is no legal merit to a cause of action or where a question of fact is not raised, summary judgment should be granted (*Andre v Pomeroy,* 35 NY2d 361). Orders affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.