■ CAROL A. HUGHES et al., Appellants, v ROBERT JAHODA et al., Appellants, and TOWN OF HUNTINGTON, Respondent, et al., Defendants.

Having failed to appear in opposition to the cross motion which sought, *inter alia,* to dismiss the cross claims of the codefendants against the defendant town, the defendants Jahoda are not aggrieved parties (CPLR 5511).

The plaintiff Carol Ann Hughes, who was a passenger in a motor vehicle owned by the defendant Robert Jahoda and operated by the defendant John F. Jahoda, was injured when the vehicle struck a utility pole on or about the roadway at 61 Cove Road in Huntington. Among the allegations of negligence leveled against the defendant town were its failure to post proper warnings, reflective devices or signs with respect to the location of the subject pole, its failure to maintain adequate lighting, fencing, curbing and/or impact-absorbing materials at the site and its permitting the pole to remain in a position which causes an unreasonable risk of harm to users of Cove Road.

After the plaintiffs moved to dismiss certain enumerated affirmative defenses contained in the town's answer, the town cross-moved for summary judgment dismissing the complaint and all cross claims asserted against it. The Supreme Court granted the cross motion on the ground that an action may not be maintained against a municipality where no prior written notice of the allegedly unsafe or dangerous condition existing on the highway had been given.

With respect to the notification of defects and obstructions, Code of the Town of Huntington § 173-18 (A) provides as follows: "No civil action shall be maintained against the Town of Huntington or the Town Superintendent of Highways for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the Town Clerk or Town Superintendent of Highways and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of". Although the Town Code is somewhat more restrictive in this regard than Town Law § 65-a (1), which requires either actual written notice or constructive notice before an action arising out of an allegedly defective condition may be maintained against a town, a local municipality may pass a more restrictive written notice requirement than that set forth in the Town Law (see, Canzano v Town of Gates, 85 AD2d 878).

The defendant town had at no time received any prior written notification or a complaint of any kind with respect to a defect at the location in question. Nor were there any specific complaints concerning the subject utility pole on Cove Road.

It has been held that where a plaintiff's accident and injuries were allegedly attributable to the negligent and careless design of the road and/or a town's failure to correct the design at the location where the accident occurred and to take other appropriate steps to warn drivers of the curvature of the roadway, the required written notice was a condition precedent to entitlement to sue the municipality (Reinert v Town of Johnsburg, 99 AD2d 572). A review of the record establishes that the instant case involves similar allegations of design negligence on a town highway, i.e., an allegedly dangerously placed utility pole, for which prior written notice was required in order to hold a municipality liable. The line of cases which

holds that prior written notice requirements do not apply to the failure to maintain or erect stop signs *(Alexander v Eldred,* 63 NY2d 460; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *De Francisci v Baron,* 97 AD2d 453) is patently distinguishable from the situation involved here. Under the circumstances, the town was properly awarded summary judgment in view of the plaintiffs' failure to comply with the requirement that there be prior written notice of the condition which allegedly caused the accident. Thompson, J. P., Weinstein and Balletta, JJ., concur.

Brown, J., concurs in part and dissents in part and votes to dismiss the appeal by the defendants Jahoda, but to reverse the order insofar as appealed from by the plaintiffs, on the law, to deny that branch of the town's cross motion which was to dismiss the complaint insofar as it is asserted against it, to grant so much of the plaintiff's motion which was to dismiss the town's fourth, fifth and sixth affirmative defenses, and to remit the matter to the Supreme Court, Suffolk County, for a determination with respect to the remainder of the plaintiffs' motion.

Prior written notice provisions such as those contained in Code of the Town of Huntington § 173-18 (A) and Town Law § 65-a are designed to exempt a municipality from liability for holes or breaks in a roadway of the kind that do not immediately come to the attention of its officers unless they receive actual notice thereof *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). These statutes, which are to be strictly construed *(Doremus v Incorporated Vil. of Lynbrook, supra),* are not intended to apply to a failure to establish or maintain adequate safety measures on a roadway *(see, Alexander v Eldred,* 63 NY2d 460; *Doremus v Incorporated Vil. of Lynbrook, supra; De Francisci v Baron,* 97 AD2d 453).

Without, in any respect, passing upon the merits of plaintiffs' complaint, I conclude that the allegations concerning the lack of adequate warning or safety devices at the location contained therein fall into the same category as those in the *Alexander* and *Doremus* line of cases and, accordingly, that it was not necessary for the plaintiffs to plead or prove prior written notice. There is, in my view, no significant distinction to be drawn between a claim of negligence based upon a failure to erect a stop sign and one based, as at bar, upon a failure to erect or maintain other roadside safety warnings or devices. Whether the town's conduct in this case was culpable, or was a cause of the accident, is not the issue before us at this time. The only question is whether the plaintiffs were

required to establish prior written notice as a prerequisite to maintaining their cause of action, and for the reasons above stated, I conclude that they were not.