(April 13, 1989)

■ JOSE LOPEZ, JR., Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and CITY OF NEW YORK, Respondent.— Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 31, 1987, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleged that he was injured while riding a bicycle on the public sidewalk, when he swerved to avoid a parked vehicle owned by the defendant Housing Authority. The court granted defendant City of New York's motion for summary judgment, finding that the presence of a parked vehicle on the sidewalk was an "obstruction" within the meaning of Administrative Code of the City of New York § 394a-1.0 (d) (2) (now § 7-201 [c] [2]), which requires that no action can be maintained against the city for personal injury without prior written notice of the "obstruction."

We are unable to agree with the court's overly expansive interpretation of the statute. Statutes of this kind, in derogation of the common law, are to be read strictly, and have been construed as applying "to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk". *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366.)

We cannot conclude that the temporary, illegal parking of a vehicle on the city sidewalk constitutes an "obstruction" within the meaning of the statute. Because there are issues of fact as to whether the illegal parking constituted a nuisance, among other things, we reverse and deny the motion for

summary judgment. Concur—Murphy, P. J., Ross, Carro, Rosenberger and Smith, JJ.