■ Fresh Meadow Country Club, Inc., Appellant, v Village of Lake Success, Respondent.—

The defendant village denied the application of the plaintiff, a country club presently using its property as a golf course, to rezone its property to permit the construction of multifamily housing. The plaintiff then commenced this action seeking a declaration that the zoning ordinance was unconstitutionally exclusionary, as it did not adequately consider the local and regional need for multifamily housing. The defendant moved for summary judgment, submitting numerous studies and plans which recommended against developing the plaintiff's property for multifamily housing. The studies and plans concluded that developing the property for such housing would be contrary to sound environmental policy, and that the need for multifamily housing could and should be met elsewhere. In opposition to the motion, the plaintiff submitted the affidavit of its expert, who challenged the studies and plans as outdated and inapplicable. The expert also stated that factual proof regarding the need for multifamily housing would be provided to the court "at an appropriate time". Finding that the plaintiff had failed to submit any factual proof that an unfulfillable need for multifamily housing existed, the court awarded the defendant summary judgment. Because we find that there was no triable issue of fact, we affirm.

The standards regarding summary judgment motions are familiar and fundamental. The party moving for summary judgment "bears the initial burden of making a prima facie showing of its entitlement to judgment as a matter of law" (Holtz v Niagara Mohawk Power Corp., 147 AD2d 857, 858). Once such a showing has been established, the "burden is shifted to the opposing party to come forward with proof in evidentiary form to show the existence of genuine triable

issues of fact" *(Mahar v Mahar,* 111 AD2d 501, 502; *see also, Ferber v Sterndent Corp.,* 51 NY2d 782; *Cusano v General Elec. Corp.,* 111 AD2d 557). General conclusory statements, expressions of hope, and repetition of the allegations in the pleadings do not constitute evidentiary proof substantiating the party's claim and, therefore, are insufficient to defeat a summary judgment motion *(National Bank v Alizio,* 103 AD2d 690; *Reinert v Town of Johnsburg,* 99 AD2d 572; *Baly v Chrysler Credit Corp.,* 94 AD2d 781; *Fishman v County of Nassau,* 84 AD2d 806).

Here, the defendant clearly satisfied its initial burden of making a prima facie showing of its entitlement to judgment as a matter of law. Numerous studies and plans were submitted indicating that the zoning ordinance represented a sound, balanced and reasonable approach to the needs of the local community and the region *(see, Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338; *Berenson v Town of New Castle,* 38 NY2d 102; *North Shore Unit. Universalist Socy. v Incorporated Vil. of Upper Brookville,* 110 AD2d 123). The plaintiff, however, submitted no factual proof supporting its claim that the ordinance failed to consider the alleged local and regional need for multifamily housing. Thus, there was no triable issue of fact.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.