*882 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the Town’s cross motion for summary judgment dismissing the complaint denied, the plaintiffs’ motion to dismiss the Town’s fourth, fifth and sixth affirmative defenses granted and the matter remitted to Supreme Court, Suffolk County, to pass on the remainder of plaintiffs’ motion.
Plaintiff, Carol Ann Hughes, was injured when a vehicle in which she was a passenger struck a utility pole placed near the pavement of Cove Road in the Town of Huntington. She commenced this action against defendant Town alleging negligence for (1) failure to post proper warnings, reflective devices or signs, (2) failure to maintain adequate lighting, fencing, curbing and/or impact absorbing materials at the site and (3) for permitting the pole to remain in a position which caused an unreasonable risk of harm to users of Cove Road. After the plaintiffs moved to dismiss certain affirmative defenses contained in the Town’s answer, the Town cross-moved for summary judgment dismissing the complaint, and all cross claims asserted against it, because no prior written notice of the allegedly unsafe or dangerous condition existing on the highway had been given. Section 173-18 (A) of the Town Code provides that no civil action shall be maintained against the Town as a result of an accident caused by a highway "being defective, out of repair, unsafe, dangerous or obstructed” unless the Town Clerk had received written notice of the condition prior to the occurrence of the accident, and the Town failed to correct the condition within a reasonable period. The courts below dismissed the complaint, holding that the placement of the pole in an allegedly dangerous manner was a defect within the Town’s prior notice statute, and the Town had received no written notice of that condition, as required, before plaintiff’s accident.
In Alexander v Eldred (63 NY2d 460) and Doremus v Incorporated Vil. of Lynbrook (18 NY2d 362), we emphasized that prior written notice statutes, "read strictly, as [they] should be read, refer[ ] to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the village officers unless they are given actual notice thereof.” (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366, supra; see, Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918.) Defendant maintains that our decisions in Alexander and Doremus holding that no prior written notice *883 was required were limited to the "defect” language in the statute and do not apply here where the complaint, alleging that the placement of the utility pole created an "unsafe” and "dangerous” obstruction in the highway, falls under other language in the notice statute (see, Code of Town of Huntington § 173-18 [A]; Freeman v County of Nassau, 95 AD2d 363, 365 [distinguishing Doremus, which dealt with the "defect” language in the notice statute, from the claim before it concerning "obstructions”]). Contrary to defendant’s contention, the Doremus court was analyzing the entire notice statute (i.e., "defective, unsafe, dangerous or obstructed condition”) when it concluded that it was meant to apply in situations where the physical condition of the street did not "immediately come to the attention of the village officers” unless they were given "actual notice.”
Plaintiffs’ complaint here alleges that the Town was negligent in designing the roadway with the utility pole positioned in a dangerous manner without any guard, barricade or warning. This allegation of a failure to construct proper barricades and warnings is more akin to the failure to construct a traffic control device as alleged in Alexander (63 NY2d 460, 467, supra). The Town was aware of the "condition” when it designed and constructed the roadway and positioned the utility pole, thus it was not the type of physical condition which would not ordinarily come to the attention of the Town officers unless they were given notice thereof (compare, Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 919, supra [prior notice statute applies where low-lying branch from tree creates condition which would not immediately come to attention of village officers unless they were given actual notice]). Therefore, the prior notice statute does not apply.
Chief Judge Wachtlek and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.