■ KERRY A. LANGELL, Respondent, v JOSEPH P. DALTON, JR., et al., Respondents, and TOWN OF VIRGIL, Appellant.— Mikoll, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered May 10, 1989 in Cortland County, which denied defendant Town of Virgil's motion for summary judgment dismissing the complaint and cross claim against it.

In her complaint plaintiff alleged that she was a passenger in an automobile operated by defendant Joseph P. Dalton, Jr. (hereinafter Dalton) on Timmerman Hill Road in the Town of Virgil, Cortland County, when the auto was involved in an accident. According to Dalton, the accident occurred while he was driving down the road at a speed of between 5 and 8 miles per hour when the vehicle slid sideways across the road as it was entering a right-hand turn and rolled over. Plaintiff claimed that she sustained personal injuries and damages due to the negligence of Dalton as well as the owner of the auto, defendant Theresa A. Dalton. Plaintiff also claimed that de-

fendant Town of Virgil was negligent. The town allegedly owned and maintained the road where the accident occurred. Plaintiff's pleadings and bill of particulars alleged that the town was negligent (1) by permitting a highly dangerous descending grade on loose gravel to exist on the road without having a warning sign a reasonable distance prior thereto, (2) by permitting a highly dangerous reverse curve horizontal alignment on loose gravel to exist without a warning sign and without limiting the speed, (3) by allowing the highly dangerous and unbanked reverse curve horizontal alignment to exist without placing a traffic control device a reasonable distance prior thereto, (4) by allowing the highly dangerous and unbanked reversed curve horizontal alignment and the highly dangerous descending grade to exist for an unreasonable length of time with the full knowledge that they could not be properly negotiated by vehicles operating within the legal speed limit, and (5) in maintaining a road construction of loose gravel on an unbanked roadway with a descending grade, and reverse curve and without signs or signals, without any study, consideration of effects and alternatives, and without a rational basis for such construction, grading, banking, curves, and absence of signals.

The town asserted in its answer, *inter alia,* an affirmative defense that it had not received prior written notice of any defective, unsafe, dangerous or obstructed condition of the highway required by Local Laws, 1977, No. 1 of the Town of Virgil. Subsequently, the town moved for summary judgment dismissing the complaint and the cross claim of the Daltons for failure to comply with Local Law No. 1.

Supreme Court concluded that prior written notice was not needed in a case such as this where a town has allegedly created the condition complained of by an act of affirmative negligence. Accordingly, the court denied the town's motion for summary judgment. This appeal followed.

We agree with the decision of Supreme Court. Construing a very similar local law requiring prior written notice the Court of Appeals recently held, in *Hughes v Jahoda* (75 NY2d 881), that a town's prior written notice statute was not applicable. There the complaint alleged that the negligence of the town was "for (1) failure to post proper warnings, reflective devices or signs, (2) failure to maintain adequate lighting, fencing, curbing and/or impact absorbing materials at the site and (3) for permitting the pole to remain in a position which caused an unreasonable risk of harm to users of [the road]" *(supra,* at 882). The court concluded that "[t]he Town was aware of the

'condition' when it designed and constructed the roadway and positioned the utility pole, thus it was not the type of physical condition which would not ordinarily come to the attention of the Town officers unless they were given notice thereof" *(supra,* at 883). Additionally, the court noted that "[i]n *Alexander v Eldred* (63 NY2d 460) and *Doremus v Incorporated Vil. of Lynbrook* (18 NY2d 362), we emphasized that prior written notice statutes, 'read strictly, as [they] should be, refer[] to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the village officers unless they are given actual notice thereof' " *(supra,* at 882, quoting *Doremus v Incorporated Vil. of Lynbrook, supra,* at 366; *cf., Ramundo v Town of Guilderland,* 142 AD2d 50). Based on the above, Supreme Court's order denying the town's motion for summary judgment should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.