■ ALLISON R. KIAMIE, Respondent, v TOWN OF HUNTINGTON, Appellant, et al., Respondents. (And a Third-Party Action.)— In an action to recover damages for personal injuries, the defendant Town of Huntington appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered November 16, 1988, which, upon granting its motion for summary judgment dismissing the complaint and all cross claims asserted against it to the extent of dismissing "all allegations of the complaint which endeavor to allege that the roadway in question was negligently maintained as to removing sand", denied the motion in all other respects.

Ordered that the order is modified, on the law, by deleting the words "summary judgment is granted as to all allegations of the complaint which endeavor to allege that the roadway in question was negligently maintained as to removing sand", and substituting therefor the words "summary judgment is granted as to all allegations of the complaint, with the exception of those pertaining to the negligent location of a telephone pole"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Allison R. Kiamie, was injured when a vehicle in which she was a passenger failed to negotiate a curve on Woodbury Road in the Town of Huntington and struck a telephone pole. The complaint, insofar as it is asserted against the defendant town, alleges that the town was negligent in failing to properly design the roadway, to place adequate road signs, and to eliminate the hazardous condition caused by the telephone pole. The town moved for summary judgment on the grounds that it had no prior written notice of the allegedly unsafe or dangerous condition on the highway and that its actions regarding the allegedly unsafe condition were part of a highway safety plan and entitled to qualified immunity.

Even though the town lacked prior written notice of the defects alleged by the plaintiff, "[t]he Town was aware of the 'condition' when it designed and constructed the roadway and positioned the [telephone] pole [and] it was not the type of physical condition which would not ordinarily come to the attention of the Town officers unless they were given notice thereof" *(Hughes v Jahoda,* 75 NY2d 881, 883). Therefore,

Town of Huntington Code § 173-18 (A) and Town Law § 65-a, do not preclude the plaintiff's claims and the town is not entitled to summary judgment because of a lack of prior written notice of the defects *(see, Hughes v Jahoda, supra; Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366).

The town's highway safety plan, however, entitled it to qualified immunity and precludes all of the plaintiff's claims, except for that claim alleging negligence for failure to eliminate the hazardous condition caused by the pole. The town requested that the telephone company relocate the pole five months prior to the plaintiff's accident. The delay in securing the relocation of the pole coupled with lack of evidence explaining the town's failure to follow through with its highway planning decision raises a question of fact as to whether the town unreasonably delayed execution of this part of its highway safety plan *(see, Friedman v State of New York,* 67 NY2d 271, 284). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.