■ EMERLINDA FIORENZA, Appellant, v CITY OF MOUNT VERNON et al., Respondents and FRANK R. LEONE et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Buildings of the City of Mount Vernon, dated March 14, 1989, which granted the intervenors-respondents' application for a building permit, the petitioner appeals from an order and judgment (one paper) of the Supreme

Court, Westchester County (West, J.), entered December 18, 1989, which granted the intervenors-respondents' motion for summary judgment and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the intervenors-respondents and the respondents-respondents appearing separately and filing separate briefs.

In support for their motion, the intervenors-respondents offered abundant documentary evidence demonstrating that intervenor-respondent Doctor Frank R. Leone resided at 667 Gramatan Avenue, pursuant to the requirements of Mount Vernon Zoning Code § 267-2 concerning "home occupations". In opposition to the motion, the petitioner offered only the bald, unsubstantiated allegations that Dr. Leone did not reside in the premises and that the premises, as renovated, failed to conform in some unspecified way with the requirements of the zoning code. Thus, since the petitioner failed to meet her burden of coming forward with proof in evidentiary form to show the existence of genuine triable issues of fact (see, CPLR 3212 [b]; *Fresh Meadow Country Club v Village of Lake Success,* 158 AD2d 581, 582), summary judgment was properly granted dismissing the proceeding. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.