■ Shelia Shao, Individually and as Mother and Natural Guardian of Jacqueline Shao, an Infant, et al., Respondents, v Fugazy Express, Inc., et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered November 28, 1990, which granted plaintiffs' motion to restore the action to the trial calendar, and denied defendant Fugazy Express, Inc.'s cross-motion to enforce an alleged stipulation of settlement, is unanimously affirmed, without costs. The appeal by defendant Bellini from the same order is unanimously dismissed, without costs.

The action was brought to recover for personal injuries sustained by plaintiffs, mother and daughter, when they were allegedly struck by an automobile owned by defendant Fugazy Express, Inc. and operated by defendant Bellini. The action of plaintiff-mother was tried to a verdict in her favor of $200,000. According to defendant Fugazy, during that trial, the action brought by the mother on behalf of plaintiff-infant was settled for $30,000, which settlement was approved by the trial court in open court and on the record. However, for unexplained reasons, the transcript of such settlement is unavailable. When plaintiffs moved to restore the infant's action to the trial calendar, asserting that the settlement was rejected and that an infant's compromise, pursuant to CPLR 1208, was never prepared, defendant Fugazy cross-moved for enforcement of the stipulation of settlement, relying on the trial court's "trial record sheet" prepared by its clerk indicating that the infant's claim had indeed been settled for $30,000 and on the affidavit of the attorney who had tried the case, and entered into the alleged stipulation, on its behalf. The attorney stated that the trial court questioned plaintiffs fully to establish their understanding of the agreement, and further stated that the trial court approved the settlement on the record after finding that it was fair and adequately compensated the infant for her injuries.

Settlement of infants' claims is governed by CPLR 1208, which specifies, *inter alia,* that the court be provided with an affidavit of the infant's representative, an affidavit of the infant's attorney, and a medical or hospital record. Given the absence of proof clearly establishing that the alleged settle-

ment was reached in compliance with these procedures, it was well within IAS's discretion to refuse its enforcement. *(See, Farraro v Stripekis,* 60 AD2d 861.)

Defendant Bellini's appeal should be dismissed. Although his name appears on the notice of appeal, he did not appear either in opposition to plaintiffs' motion or in support of defendant Fugazy's cross-motion. As such, he is not an aggrieved party with standing to participate in the appeal. *(See, Hughes v Jahoda,* 140 AD2d 490, *revd on other grounds* 75 NY2d 881 [1990].) Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.