COLLEEN DISHAW, Respondent, v CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY (CENTRO), Respondent, and CITY OF SYRACUSE, Appellant. Memorandum: Plaintiff's car was struck at an intersection in the City of Syracuse by a bus owned by defendant Central New York Regional Transportation Authority (Centro). She commenced this action against Centro and the City of Syracuse, alleging that the bus was negligently operated and that the stop sign at the intersection was obstructed by an untrimmed tree. The City thereafter moved for summary judgment on the ground that no prior notice of the allegedly obstructed stop sign was given, as required by section 8-115 of the City of Syracuse Charter. The court correctly denied the City's motion. The gravamen of plaintiff's complaint is that an untrimmed tree obstructed the stop sign, rendering the sign defective. The notice requirement does not apply to defective signs (see, Alexander v Eldred, 63 NY2d 460, 467; Tyner v City of Buffalo, 152 AD2d 978; cf., Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917; Levine v Sharon, 160 AD2d 840; Redmond v Lomanto, 144 AD2d 448). Centro, a nonmoving, nonappealing party, argues for the first time on appeal that it is entitled to dismissal of the City's second affirmative defense concerning lack of prior notice. We decline to grant that relief. (Appeal from Order of Supreme

Court, Onondaga County, Nicholson, J.—Summary Judgment.)
Present—Boomer, J. P., Pine, Balio and Davis, JJ.