■ JOSE M. TORRES, an Infant, by His Mother and Natural Guardian, GLADYS COLON, et al., Plaintiffs, v JOHN GALVIN et al., Respondents. (Action No. 1.) EVA B. LYONS et al., Respondents, v ARIEL R. NUNEZ et al., Defendants and Third-Party Plaintiffs-Respondents. VILLAGE OF SANDS POINT, Third-Party Defendant-Appellant. (Action No. 2.) EVA B. LYONS et al., Respondents, v VILLAGE OF SANDS POINT, Appellant, et al., Defendant. (Action No. 3.) DAVID R. SPANN, Respondent, v VILLAGE OF SANDS POINT, Appellant, and JOHN GALVIN et al., Respondents. (Action No. 4.) MIGUELINA NUNEZ, Respondent, v LAURA GALVIN et al., Respondents, and ARIEL NUNEZ et al., Defendants and Third-Party Plaintiffs-Respondents. VILLAGE OF SANDS POINT, Third-Party Defendant-Appellant. (Action No. 5.)—In five actions to recover damages for personal injuries arising out of an automobile accident, the Village of Sands Point appeals from an order of the Supreme Court, Nassau County (Wager, J.), entered December 3, 1990, which denied its motion for summary judgment dismissing all complaints and cross claims asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs-respondents Eva Beringer Lyons and Raymond Lyons and the defendants third-party plaintiffs-respondents Ariel R. Nunez and Juan Bisono.

These five actions, which have been joined for trial, arise out of a two-car collision which occurred on August 1, 1987, at the intersection of Sands Point Road and Middle Neck Road in the Village of Sands Point. In Action Nos. 2, 3, 4, and 5, it is alleged that the Village was negligent in failing to trim overgrown vegetation which had obscured a stop sign at the intersection. The Village moved for summary judgment dismissing all claims against it on the ground that there had been no prior written notice of the condition pursuant to Village Law § 6-628. The Supreme Court, Nassau County, denied the motion, finding that Village Law § 6-628 did not apply in the circumstances herein.

Contrary to the Village's assertion, we find that the Supreme Court correctly determined that the prior written notice requirement of Village Law § 6-628 was inapplicable. It has been consistently held that the prior written notice laws should be strictly construed and refer "to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the Village officers unless they are given actual notice thereof" (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366; see also, Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918), and that they do not apply to claims of defective stop signs (see, Doremus v Incorporated Vil. of Lynbrook, supra; De Francisci v Baron, 97 AD2d 453). Since the gravamen of the claims against the Village was that untrimmed vegetation obstructed a stop sign, thus rendering the sign defective, Village Law § 6-628 does not apply (see, Dishaw v Central N. Y. Regional Transp. Auth., 179 AD2d 1088; De Francisci v Baron, supra). Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.