■ ALLISON R. KIAMIE, Respondent, v TOWN OF HUNTINGTON, Appellant, and CLAIRE ORBAN et al., Defendants and Third-Party Plaintiffs-Respondents. NEW YORK TELEPHONE COMPANY, Third-Party Defendant. [597 NYS2d 156] —In an action to recover damages for personal injuries, the defendant Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated March 28, 1991, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

On August 24, 1984, the plaintiff, Allison R. Kiamie, was injured when a vehicle in which she was a passenger failed to negotiate a curve on Woodbury Road in the Town of Huntington (hereinafter the Town) and then struck a telephone pole. In 1986 the Town moved for summary judgment dismissing the complaint insofar as it is asserted against it. The Supreme Court granted the motion to the extent of dismissing "all allegations of the complaint which endeavor to allege that the roadway in question was negligently maintained as to removing sand". On appeal, this Court modified that order so as to grant summary judgment " 'as to all allegations of the complaint, with the exception of those pertaining to the negligent location of a telephone pole' " (Kiamie v Town of Huntington, 166 AD2d 634). At that time we held that "[t]he delay in securing the relocation of the pole coupled with lack of evidence explaining the [T]own's failure to follow through with its highway planning decision raises a question of fact as to whether the [T]own unreasonably delayed execution of this

part of [the] highway safety plan" *(Kiamie v Town of Huntington, supra,* at 635).

Thereafter, the Town again moved for summary judgment upon an expanded record which included, *inter alia,* a more detailed affidavit from the Town's Director of Transportation and Traffic Safety. The motion was denied when the Supreme Court concluded that there remained a question of fact as to whether the Town unreasonably delayed its actions in causing the relocation of the subject pole. We affirm.

Contrary to the Town's argument on appeal, the additional evidence which it adduced on the instant motion for summary judgment does not resolve the question whether the Town unreasonably delayed implementation of the safety plan which was designed to remedy the telephone pole hazard *(see, Friedman v State of New York,* 67 NY2d 271; *Alexander v Eldred,* 63 NY2d 460). There remain questions of fact to be resolved at a trial. Accordingly, the Supreme Court properly denied summary judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Heller v Trustees of Town of E. Hampton,* 166 AD2d 554). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.