■ SAMUEL F. MOTTOSHISKI, Respondent, v JOHN R. FINGAR et al., Respondents, and COUNTY OF COLUMBIA, Appellant. [608 NYS2d 888] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered October 2, 1992 in Columbia County, which denied a cross motion by defendant County of Columbia for summary judgment dismissing the complaint against it.

On December 8, 1987, plaintiff and defendant John R. Fingar were involved in a two-car accident at the intersection of County Route 11 and Prach Road in the Town of Claverack, Columbia County. The deposition testimony of plaintiff and

Fingar, submitted on the summary judgment motion of defendant Town of Claverack, viewed in a light most favorable to plaintiff, establishes that the accident happened in the following manner. Plaintiff drove his car east on Prach Road Extension, a dead-end dirt road, to its intersection with County Route 11, a two-lane macadam highway. After stopping at the stop sign controlling the intersection, plaintiff proceeded forward and came to a second stop at a point where the front of his car was approximately two feet west of the west sideline of Route 11. Plaintiff looked to his right (south) and saw no vehicles, although bushes on the southwest corner of the intersection limited his view in that direction to approximately 30 to 40 feet. Plaintiff then looked left (north), saw no vehicles and proceeded across the intersection, directly into Fingar's path.

Plaintiff alleges that the highway was negligently designed and maintained, resulting in limited sight distance. The specific contentions submitted by plaintiff include whether the bushes along the road and the dip in the road caused a dangerous condition. In his deposition testimony, plaintiff placed the dip approximately 40 to 50 feet south of the intersection, but gave no indication that it impeded his view. To the contrary, he testified that, but for the bushes, he would have been able to see "a couple hundred" feet to the south. Fingar, who placed the dip approximately one-fourth mile from the intersection, testified that it did not impede his view of the intersection at any time because of the height of his van and, further, that a sign was in place advising of the location of the intersection in any event. Based upon the foregoing, the design of County Route 11 had no causal connection to the accident.

Although there is evidence in the record to support a finding that the location of the bushes may have contributed to the accident, there is no claim that they were located within the County's highway right-of-way. To the contrary, the complaint alleges a cause of action against defendant Edward Van Wagner based upon the location of the bushes on his property. In any event, this Court has held that the failure to comply with a prior notice law will bar a claim based upon a municipality's asserted negligence in permitting vegetation to grow in its highway right-of-way, a condition that would not normally come to its attention absent actual notice (see, Adams v Town of Lisbon, 170 AD2d 901, 902). It is undisputed that said notice was not given in this case.

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Or-

dered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant County of Columbia's cross motion; cross motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.