■ DEBRA J. DiSANTO, Appellant, v TOWN OF ISLIP et al., Respondents. [622 NYS2d 313] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered June 5, 1993, which granted the motion of the defendant Town of Islip for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, and the complaint and cross claims insofar as asserted against the Town of Islip are reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the Town of Islip.

The plaintiff was injured in an automobile accident which allegedly occurred as a result of, among other things, the defendant Town of Islip's negligent maintenance of a stop sign which it permitted to become obscured by the foliage of a nearby tree. Contrary to the conclusion of the Supreme Court, "[s]ince the gravamen of the claims against the [Town] was that untrimmed vegetation obstructed a stop sign, thus ren-

dering the sign defective, [Town Law § 65-a (1)] does not apply" *(Torres v Galvin,* 189 AD2d 870, 871; *see, Dishaw v Central N. Y. Regional Transp. Auth.,* 179 AD2d 1088; *De Francisci v Baron,* 97 AD2d 453). Therefore, the court erred insofar as it determined that the absence of prior written notice compelled the dismissal of the claims against the Town. Furthermore, the alleged dangerous condition was open and obvious on a public street. We are therefore satisfied that the plaintiff has demonstrated the existence of an issue of fact as to whether or not the Town had constructive notice thereof *(see, Harris v Village of E. Hills,* 41 NY2d 446).

The appellant's remaining contentions are academic. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.