■ MICHAEL A. FUOCO, Individually and as Administrator of the Estate of CYNTHIA FUOCO, Deceased, Respondent, v COUNTY OF NASSAU, Appellant, and TOWN OF OYSTER BAY et al., Respondents. [637 NYS2d 428] —In an action to recover damages for wrongful death and conscious pain and suffering arising from an automobile accident, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the

Supreme Court, Nassau County (Becker, J.), dated June 23, 1994, as denied its motion pursuant to CPLR 3212 for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and to preclude the plaintiffs' experts from testifying at trial.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly determined that there were issues of fact as to whether the design, construction, and maintenance of the County-owned road proximately caused the accident and that under the circumstances of this case, the County was not entitled to qualified immunity for its highway planning decisions as a matter of law (*see, Tomassi v Union*, 46 NY2d 91, 97; *Kiamie v Town of Huntington*, 193 AD2d 584; *Giske v State of New York*, 191 AD2d 675; *Ames v City of New York*, 177 AD2d 528, 533; *Stanford v State of New York*, 167 AD2d 381, 382; *Hearn v State of New York*, 157 AD2d 883, 885).

The Supreme Court providently exercised its discretion in denying the County's motion to preclude the plaintiffs' expert witnesses from testifying at trial since there was no proof of intentional or willful failure to disclose and no surprise or prejudice to the County (*see, e.g.*, CPLR 3101 [d]; *McDermott v Alvey, Inc.*, 198 AD2d 95; *Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004, 1005). Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.