MARILYN L. BACON et al., Respondents, v JAY ARDEN et
al., Defendants, and TOWN OF JERUSALEM, Appellant. [665 NYS2d
154] —Order unanimously modified on the law and as modified
affirmed without costs in accordance with the following Memo-
randum: On June 23, 1994, Marilyn L. Bacon (plaintiff) was
operating an automobile traveling westbound on Hemlock Road
in the Town of Jerusalem. As plaintiff attempted to make a
left-hand turn onto Guyanoga Road, she was struck by an
automobile operated by defendant Jay Arden, who was travel-
ing northbound on Guyanoga Road.

In this action commenced by plaintiff and her husband
against Arden, Robert J. Feltz, the owner of the vehicle oper-
ated by Arden, Yates County and the Town of Jerusalem
(Town), plaintiffs allege that the Town was negligent in failing
to cut and trim grass, weeds and foliage within the right-of-
way at the southeast corner of the intersection; in failing to
erect a sign warning that the view at the intersection was
obstructed; in negligently designing and maintaining the
highway and right of way; and in creating a nuisance.

After issue was joined, the Town moved for summary judg-
ment dismissing the complaint and cross claims against it. In
separate affidavits, the Town's Clerk and Highway Superinten-
dent averred that they had reviewed the Town's records and
found no prior written notice regarding the allegedly danger-
ous intersection of Hemlock and Guyanoga Roads. Supreme
Court denied the Town's motion on the ground that there were
issues of fact whether the Town had constructive notice of the
overgrown foliage. The court should have granted that part of
the Town's motion seeking dismissal of the complaint.

Section 1 of the Town's Local Law No. 2 of 1977 requires
prior written notice before an action may be brought against
the Town "for damages or injuries to person or property
sustained by reason of any highway, bridge or culvert being
defective, out of repair, unsafe, dangerous or obstructed". The
Municipal Home Rule Law authorizes local laws relating to the
Town's property, affairs or government so long as the enact-
ments are not inconsistent with the Constitution or any gen-
eral law (see, Municipal Home Rule Law § 10 [1]). Although Lo-
cal Law No. 2 is inconsistent with the Town Law in failing to
provide for constructive notice, such inconsistency in the local
law is permitted "unless the legislature expressly shall have
prohibited the adoption of such a local law" (Municipal Home
Rule Law § 10 [1] [ii] [d] [3]; see, Kamhi v Town of Yorktown,

74 NY2d 423, 429-430). The Legislature has not prohibited the enactment of a more restrictive notice requirement than that contained in section 65-a (1) of the Town Law, which permits either written or constructive notice (*see, Hughes v Jahoda,* 140 AD2d 490, 491, *revd on other grounds* 75 NY2d 881; *Canzano v Town of Gates,* 85 AD2d 878).

The type of dangerous condition alleged by plaintiffs, a condition that would not ordinarily come to the attention of the Town absent actual notice, comes within the Town's prior written notice law (*see, Mottoshiski v Fingar,* 201 AD2d 800, 801; *Levine v Sharon,* 160 AD2d 840, 842).

The contention of plaintiffs that the accident occurred because the highway was negligently designed (*see, Hughes v Jahoda,* 75 NY2d 881, *supra*) is without merit. "The presence of foliage in the vicinity of a stop sign cannot be considered a physical defect in a nearby street or highway" (*Fitzpatrick v Barone,* 215 AD2d 351). The further contention of plaintiffs that the failure of the Town to place a sign warning of the overgrown foliage is not subject to the prior notice statute (*see, Alexander v Eldred,* 63 NY2d 460, 467) is misplaced. There is no authority to support plaintiffs' contention that the Town has a duty to place a warning sign for "a condition that would not normally come to its attention absent actual notice" (*Mottoshiski v Fingar, supra,* at 801). Further, it is undisputed that, at the time of the accident, there was a stop sign at the intersection.

In addition, plaintiffs contend that the Town is not entitled to summary judgment dismissing the complaint because it failed to include the answers of the other defendants. That contention is without merit. Pursuant to CPLR 3212 (b), "[a] motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof". Here, the Town submitted the complaint and its answer in support of that part of the motion for summary judgment dismissing the complaint, thus satisfying CPLR 3212 (b) with respect to that part of the motion. If, as plaintiffs contend, the answers of the other defendants raise issues of fact sufficient to defeat the Town's motion for summary judgment, it was the obligation of plaintiffs to submit them in opposition.

With respect to that part of the Town's motion for summary judgment dismissing the cross claims of the other defendants, however, the answers of those defendants asserting cross claims are not part of the record. Because those answers may allege causes of action independent of that part of the complaint against the Town (*see,* CPLR 3019 [b]; *La France Carpets*

*v United States Rubber Co.*, 19 AD2d 812), we are unable to determine whether they should be dismissed.

We therefore modify the order by granting that part of the motion of the Town for summary judgment dismissing the complaint against it and otherwise affirm. (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.