■ KIM ERNEST, Individually and as Parent and Natural Guardian of CHRISTOPHER KNOPP, an Infant, Respondent-Appellant, v RED CREEK CENTRAL SCHOOL DISTRICT et al.,

Respondents, and COUNTY OF WAYNE, Appellant-Respondent, et al., Defendants. RED CREEK CENTRAL SCHOOL DISTRICT, Third-Party Plaintiff, v McINTYRE BAIT FARM, INC., Third-Party Defendant-Respondent. [674 NYS2d 532] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motions of defendants Red Creek Central School District and Town of Wolcott for summary judgment dismissing the complaint against them. The court erred, however, in denying the motion of defendant County of Wayne (County) for summary judgment dismissing the complaint against it.

Plaintiff commenced this action individually and as the parent and natural guardian of her son, who was struck by a vehicle as he ran across Westbury Road in the Town of Wolcott. Plaintiff alleged, *inter alia*, that the County was negligent in failing to respond to safety concerns regarding Westbury Road and in failing to construct a sidewalk and install a crosswalk in the vicinity of a school located on Westbury Road.

We reject the contention of the County that it is not liable because it did not receive written notice of a defective, unsafe, dangerous or obstructed condition (*see*, Highway Law § 139). Highway Law § 139 is limited to "actual surface defects such as holes or cracks, or physical obstructions of the street, sidewalk, etc." (1A NY PJI 3d 906-907, citing *Hughes v Jahoda*, 75 NY2d 881, *Alexander v Eldred*, 63 NY2d 460, and *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362.) The defect alleged by plaintiff is not a surface defect or physical obstruction.

Plaintiff contends that the County's duty to maintain the safety of Westbury Road arises from site distance and speed surveys conducted by the County in 1983. The 1983 surveys, however, were conducted in response to a specific problem, a truck-school bus accident that occurred because of a 55-mile-per-hour speed limit in front of the school and the curvature of the roadway a short distance from the school. Upon receiving notice of the problem, the County took prompt action, reduced the speed limit and installed appropriate signage. Plaintiff alleges, however, that the 1983 study was inadequate because it did not include an analysis whether a sidewalk, crosswalk, or traffic signal should be built in the vicinity of the school.

The law is well settled that, once a municipality undertakes a study of an area and makes a safety decision, any "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the

plan either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589, *rearg denied* 8 NY2d 934). A municipality also has a continuing duty to review the plan in light of its actual operation and will be subject to liability if that duty is breached (*see, Weiss v Fote, supra*, at 587). The "plan" executed here consisted of placing school signs and reducing the speed limit. Sidewalks, crosswalks, and traffic signals were not part of the plan and, contrary to plaintiff's allegation, the County's study in 1983 was not a general "survey of road conditions". The study did not address schoolchildren crossing Westbury Road in the vicinity of the school, and we decline to impose on the County a duty to study every conceivable safety issue when conducting a study directed at a specific problem. (Appeals from Order of Supreme Court, Wayne County, Sirkin, J.—Summary Judgment.) Present— Denman, P. J., Green, Pigott, Jr., Callahan and Fallon, JJ.